UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| GEORGE HUMBERTO KISTER, ) | Case No. 11-40282-659 |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | **PUBLISHED** |

### O R D E R

The matter before the Court is the Motion to Convert to Chapter 7 filed by Creditor Karen Moculeski, Debtor's Response to Movant Moculeski's Motion to Convert to Chapter 7, Joinder in Motion to Convert to Chapter 7 filed by Creditor Reliance Bank and Debtor's Motion to Dismiss. A hearing was held on March 28, 2011 at which Debtor appeared in person and by counsel, Creditor Karen Moculeski appeared in person and by counsel, Creditor Reliance Bank appeared by counsel, Creditor Jefferson Bank and Trust Company appeared by counsel and the Chapter 13 Trustee appeared by counsel. Oral argument was presented and the matter was taken under submission. Upon consideration of the record as a whole, the Court resolves the matter as follows.

Debtor George Kister (hereinafter "Debtor") filed his Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on January 12, 2011. Debtor filed his Chapter 13 Plan (hereinafter "Plan") on January 26, 2011. Debtor's Section 341 Meeting of Creditors (hereinafter "Meeting of Creditors") was initially held on February 9, 2011, at which Debtor did not appear. The Meeting of Creditors was continued to February 23, 2011 at which Debtor appeared. The Meeting of Creditors was continued for want of additional information which was not disclosed on Debtor's Schedules. The continued Meeting of Creditors was held on March 24, 2011 at which Debtor failed to appear. Debtor's Schedule D states that Debtor owes $1,213,680.00 in secured debt. Debtor's Schedules I and J as filed shows a net monthly income of negative (-) $7,477.00.[1] Debtor has not

---

[1] The Court notes that there are considerable errors in Debtor's Schedule I and J, but even if said errors were corrected, the result that Debtor has no net monthly income remains.

made any Plan payments. On March 24, 2011, the Chapter 13 Trustee filed Trustee's Motion to Dismiss for Failure to Make Plan Payments and Notice for Debtor's failure to commence or make any Plan payments. On March 28, 2011, Debtor filed his Motion to Dismiss seeking to dismiss his case pursuant to Section 1307(b).

Creditor Karen Moculeski (hereinafter "Ms. Moculeski") is the former spouse of Debtor; Debtor and Ms. Moculeski divorced in 2009. Debtor and Ms. Moculeski each have a 45% ownership interest, and the trust of Debtor and Ms. Moculeski's children own the remaining 10% interest, in Paddock Forest, L.L.C. (hereinafter "Paddock"), a Missouri limited liability company. Prior to Debtor's bankruptcy case, the dissolution of Paddock was in progress in St. Louis County Circuit Court. On March 28, 2011 at the hearing, with no opposition from Debtor, this Court granted Ms. Moculeski relief from the automatic stay for the dissolution of Paddock to continue. See Order Granting Motion for Relief from the Automatic Stay, March 29, 2011.

Ms. Moculeski argues that Debtor's Schedules do not accurately reflect Debtor's assets and liabilities. Specifically, Ms. Moculeski argues that many items awarded to Debtor pursuant to the Judgement and Decree of Dissolution of Marriage (hereinafter "Divorce Decree") are not listed as property on Debtor's Schedules. Ms. Moculeski further argues that some property that is listed on Debtor's Schedules is undervalued. Ms. Moculeski states that the values attributed to said property are higher in the Divorce Decree than they are on Debtor's Schedules.

Ms. Moculeski further argues that Debtor's liabilities are not accurately reflected in Debtor's Schedules. Ms. Moculeski argues that Debtor is responsible for approximately $1,500,000.00 in debt to Creditor Jefferson Bank and Trust Company (hereinafter "Creditor Jefferson Bank"), $2,700,000.00 to Reliance Bank and $65,000.00 to Pulaski Bank in relation to guarantees made by Debtor on behalf of Paddock, none of which are represented on Debtor's Schedules. As such, Debtor liabilities exceed the allowable limits of a Chapter 13 Bankruptcy and therefore, Debtor is ineligible for a Chapter 13 bankruptcy. Ms. Moculeski admits that Ms. Moculeski must pay Debtor

2

a Judgment in connection with the Divorce Decree by April 7, 2011, but maintains that Debtor remains insolvent even with said payment. Therefore, Creditor Moculeski requests that Debtor's case be converted to a Chapter 7 bankruptcy.

Debtor denies personal liability for all the debt alleged by Ms. Moculeski and maintains that Debtor's only personal liability of an amount certain is to Creditor Reliance Bank in the amount of $400,000.00. Debtor further urges that there is no reason to convert Debtor's Chapter 13 case to a Chapter 7 case, and now requests that Debtor's case be dismissed pursuant to Section 1307(b). Debtor argues that it is in the best interest of creditors for Debtor to personally sell his assets and thus obtain more funds to pay his creditors. Debtor further argues that he was obligated to sell many assets that he obtained pursuant to the Divorce Decree and as such, Debtor no longer owns some property which Ms. Moculeski claims is not disclosed on Debtor's Schedules. See Debtor's Response to Movant Moculeski's Motion to Convert to Chapter 7, ¶ 3. Debtor however maintains that he is solvent and argues that Debtor would not be eligible for a Chapter 7 bankruptcy case because his assets exceed his liabilities. Moreover, Debtor contests the amounts owed on several of the liabilities guaranteed by Debtor because said debts are secured by collateral and thus, the outstanding debt will be considerable less upon liquidation of the securing collateral.

Ms. Moculeski argues that Debtor's assertion that his liability to Creditor Reliance Bank is only $400,000.00 is inaccurate as Debtor is responsible for the debts of Paddock as guarantor. For example, Ms. Moculeski states that Debtor guaranteed a loan on behalf of Paddock from Creditor Jefferson Bank in the amount of over $350,000.00, another loan from Creditor Jefferson Bank in the amount of $427,000.00, Debtor has a personal loan to Creditor Reliance Bank in the amount of $1,000,000.00 and a note to Pulaski Bank in the amount of $84,000.00, all of which were not disclosed on Debtor's Schedules.

Creditor Jefferson Bank asserts that the representations made by Ms. Moculeski are accurate in that Debtor has several unscheduled liabilities to Creditor Jefferson Bank because

3

Debtor served as guarantor on the debt of Paddock. Creditor Jefferson Bank did not submit any evidence that Debtor guaranteed any debt to Creditor Jefferson Bank on behalf of Paddock. Creditor Jefferson Bank takes no position on whether Debtor's case should be converted to a Chapter 7 bankruptcy.

Creditor Reliance Bank asserts that currently, Paddock is in default of its obligations to Creditor Reliance Bank and the accelerated outstanding balance currently due and owing on all loans is over $2,600,000.00. Creditor Reliance Bank asserts that Debtor is liable for the full outstanding balance of said loans as guarantor. See Joinder in Motion to Convert to Chapter 7, ¶¶ 3-4. As such, Creditor Reliance Bank concurs with the arguments presented by Ms. Moculeski and agrees that Debtor's case is more suited for a Chapter 7 bankruptcy. Creditor Reliance Bank has not submitted any evidence that Debtor is personally liable for any personal loans or as guarantor of a loan made by Creditor Reliance Bank to Paddock, nor has a payment history of Paddock been submitted to this Court.

The Chapter 13 Trustee agrees that Debtor has filed incomplete and inaccurate Schedules and Statements. For example, the Chapter 13 Trustee argues that Debtor did not list his interest in all businesses in the last six years as required because Debtor neither disclosed his interest in George Kister Collectibles, Inc. nor GKK Independence Square Lot, L.L.C. — a Delaware Corporation registered to do business in Missouri. The Chapter 13 Trustee further argues that based on Debtor's Schedule D, Debtor's secured debt exceeds the allowable limit for secured debt in a Chapter 13. Further, the Chapter 13 Trustee argues that in consideration of Debtor's liabilities as guarantor on certain loans made on behalf of Paddock, and Creditor Reliance Bank's averments that Paddock is in default, Debtor's unsecured debt also exceeds the allowable limit for unsecured debt in a Chapter 13 case. Moreover, the Chapter 13 Trustee argues that Debtor filed his Chapter 13 petition without any means to fund a Chapter 13 plan based on Debtor's Schedules I and J. As such, the Chapter 13 Trustee agrees that Debtor is ineligible to be a debtor in a Chapter 13

bankruptcy and supports Ms. Moculeski's Motion to Convert to Chapter 7.

Debtor, speaking on his own behalf, informed the Court that there are two outstanding appellate bonds posted with the St. Louis County Circuit Court, of which Debtor is the beneficiary, and that Debtor is willing to use the ensuing funds to pay his creditors. Moreover, Debtor attests that there are upcoming projects which Debtor is confident will be income-producing and thus, Debtor will be able to pay his debts. Debtor does not dispute that he guaranteed several loans made by Creditor Jefferson Bank and Creditor Reliance Bank to Paddock but Debtor contends that Creditor Reliance Bank is not entitled to payment until the end of May 2011 and as such, Debtor is confident that he will be able to negotiate a settlement at a lower amount owed. Similarly, Debtor states that he disputes the amount outstanding to Creditor Jefferson Bank and that he intends to negotiate a settlement at a lower amount outstanding.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding under 28 U.S.C. §§ 151, 157, and 1334 (2011) and Local Rule 1002 and 7056 of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O) (2011). Venue is proper in this District under 28 U.S.C. § 1409(a) (2011).

## CONCLUSIONS OF LAW

The Bankruptcy Code defines a "debt" as a "liability on a claim." 11 U.S.C. §101(12) (2011). A "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A) (2011). Section 109(e) states:

> Only an individual with regular income that owes, on the date of filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated secured debts of less than $1,081,400 or an individual with regular income and such individual's spouse. . . that owe, on the date of filing of the petition, noncontingent, liquidated,

5

>unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (2011). Though the Bankruptcy Code definition of a claim includes unliquidated and contingent debt, Section 109(e) explicitly excludes unliquidated and contingent debt from calculations to determine Chapter 13 eligibility.

The terms contingent and liquidated are not defined in the bankruptcy code. However, the Eighth Circuit Bankruptcy Appellate Panel has determined that contingent liabilities are "a class of liabilities in which the obligation to pay does not arise until the occurrence of a 'triggering event . . . reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred.'" *In re Barcal,* 213 B.R. 1008, 1013 (B.A.P. 8th Cir. 1997)(citation omitted); *see also In re All Media Properties, Inc.,* 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980), *aff'd,* 646 F.2d 193 (5th Cir. 1981). Therefore, unless the event which triggers the liability occurs, there is no debt or noncontingent liability; the guaranteed debt is appropriately characterized as contingent and excluded from any 109(e) calculation. *See In re Albano,* 55 B.R. 363, 366 (N.D. Ill. 1985); *see* also *Freeland v. Enodis Corp.,* 540 F.3d 721, 730 (7th Cir. 2008).

During the hearing, Debtor admitted that he personally guaranteed several loans on behalf of Paddock. Creditor Reliance Bank argues that Debtor guaranteed loans for which Paddock is currently in default and thus Debtor is liable for the entirety of the outstanding balance of over $2,600,000.00. Prior to the default in payment by Paddock, the debt which Debtor guaranteed would have been contingent and thus excluded from any calculation for the purposes of Section 109(e). Upon Paddock's default in payment, the event which triggered Debtor's liability occurred and thus, Debtor's liability became noncontingent. The same is true of any guarantee that Debtor made for repayment of loans made by Creditor Jefferson Bank to Paddock.

Debtor states that he disputes the amounts outstanding to both Creditor Reliance Bank as

well as Creditor Jefferson Bank. Debtor further argues that the debts of Paddock will be considerably less when offset by the sale of the securing collateral. Debtor thus protests the liquidity of any debt pursuant to his personal guarantees.

A debt that is "'readily calculable,' or 'readily determinable' is liquidated debt, regardless of whether the debtor disputes the obligation." *In re Barcal,* 213 B.R. 1013 (citations omitted). As such, while Debtor may dispute the amounts owed to Creditor Reliance Bank as well as Creditor Jefferson Bank, it is confirmed that the amounts due and owing to Creditor Reliance Bank pursuant to the guarantees made by Debtor are 'readily calculable' and as such are liquidated debt.

Whether Debtor's unsecured debt exceeds the allowable limit of Section 109(e) hinges on whether Paddock defaulted on its obligations to Creditor Reliance Bank; the amount of Debtor's unsecured debt will only further exceed the allowable limit if Paddock also defaulted on its obligations to Creditor Jefferson Bank. Debtor argues that Creditor Reliance Bank is not owed payment until May 2011. No instruments purporting to be Debtor's personal guarantee of any loan made for the benefit of Paddock have been presented to this Court, nor has Paddock's payment history on any loan made by Creditor Reliance Bank. While the Court finds much credibility in Creditor Reliance Bank's representation that Paddock is indeed in default and that Debtor is presently liable for the outstanding amount of $2,600,000.00, the Court need not conclude that Debtor's unsecured debt exceeds the allowable limits of Section 109(e). By Debtor's admission on Schedule D, Debtor's secured debt is $1,213,680.00 and thus exceeds the amount allowable for secured debt in a Chapter 13 bankruptcy pursuant to Section 109(e). Presently, an individual must owe "noncontingent liquidated secured debt of less than $1,081,400" to be a debtor in a Chapter 13 bankruptcy. 11 U.S.C. § 109(e) (2011). Debtor was therefore ineligible to be a debtor under Chapter 13 of the Bankruptcy Code at the time of filing.

Section 1307(c) states that:

> on request of a party in interest . . . the court may

> convert a case under [chapter 13] to a case under chapter 7 of this title, or may dismiss a case under [chapter 13], whichever is in the best interests of creditors and the estate, for cause, including – (1) unreasonable delay by the debtor that is prejudicial to creditors;... (3) failure to file a plan timely under section 1321 of this title; [and] (4) failure to commence making timely payments under section 1326 of this title.

11 U.S.C. § 1307(c) (2011). First, Debtor filed his Chapter 13 Petition without any regular income which is a requirement of all Chapter 13 debtors. 11 U.S.C. § 109(e) (2011). As such, Debtor filed this case without any regular income with which to fund the Plan. In so doing, Debtor had the benefit of the Section 362 automatic stay without any potential for return to his creditors. Moreover, Debtor did not attend the continued Meeting of Creditors held on March 24, 2011, at which Debtor was to provide the Chapter 13 Trustee with additional information that was not previously disclosed on Debtor's Schedules. Additionally, Debtor has not made any Plan payments. Further, as previously concluded, Debtor was ineligible to be a Debtor under Chapter 13 of the Bankruptcy Code at the time of filing. In light of the amount of both secured and unsecured debt in this case, and the likelihood of recovery for Debtor's creditors, this Court concludes that it is in the best interest of the bankruptcy estate and all creditors that this case be converted to a case under Chapter 7 of the Bankruptcy Code rather than dismissed pursuant to Section 1307(c). As such, cause exists for this case to be converted to a case under Chapter 7 of the Bankruptcy Code in that Debtor has caused unreasonable delay which is prejudicial to creditors and Debtor has failed to commence making Plan payments. Therefore,

**IT IS ORDERED THAT** the Motion to Convert to Chapter 7 filed by Creditor Karen Moculeski is **GRANTED**; and

**IT IS FURTHER ORDERED THAT** Debtor's Motion to Dismiss is **DENIED**.

*Kathy A. Surratt-States*

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: April 7, 2011
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

George Humberto Kister
12730 Spruce Pond Dr.
Town & Country, MO 63131

Cherie K. Macdonald
Greensfelder, Hemker & Gale
12 Wolf Creek Drive, Suite 100
Belleville, IL 62226

Reliance Bank
11781 Manchester Road
St. Louis, MO 63131

Steven S. Fluhr
Fluhr & Moore, LLC
225 S. Meramec, Ste. 532T
Clayton, MO 63105

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Cicely I Lubben
Stinson Morrison Hecker LLP
7700 Forsyth Boulevard
Suite 1100
St. Louis, MO 63105

Cynthia M. Woolverton
Millsap and Singer, LLC
612 Spirit Drive
St. Louis, MO 63005